IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| LEE F. GARVIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:07CV1862 |
| UNITED STATES, | ) ) ) |
| Defendant. | ) ) |

## UNITED STATES' MOTION TO DISMISS

The United States of America moves pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) to dismiss plaintiff's complaint. As grounds for this motion, the defendant asserts that 26 U.S.C. § 7433 only provides a cause of action for conduct related to collection activities. The bulk of plaintiff's claims allege conduct unrelated to collection activities and may, therefore, not be brought pursuant to section 7433. Plaintiff's claim regarding the unauthorized disclosure of return information fails to allege conduct constituting the unauthorized disclosure of return information. Finally, plaintiff has failed to comply with Fed. R. Civ. P. 8(a) regarding his remaining claims.

A memorandum of law in support of this motion as well as a proposed order are filed concurrently with this motion.

Dated: February 13, 2008

                                             Respectfully submitted,

                                                /s/ Benjamin J. Weir
                                           BENJAMIN J. WEIR (D.C. Bar No. 494045)
                                           Trial Attorney, Tax Division
                                           U.S. Department of Justice
                                           Post Office Box 227
                                           Ben Franklin Station
                                           Washington, D.C.  20044
                                           Telephone: (202) 307-0855
                                           Fax: (202) 514-6866
                                           benjamin.j.weir@usdoj.gov
                                           *Counsel for the United States of America*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

I, Benjamin J. Weir, certify that on February 13, 2008 a copy of the foregoing Defendant's Motion to Dismiss was served upon the following via postage prepaid U.S. Mail:

>  Lee Garvin
>  15013 NE 36th St.
>  Choctaw, OK 72020.

>  /S/ Benjamin J. Weir
>  BENJAMIN J. WEIR

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| LEE F. GARVIN                    ) | |
| ) | |
| Plaintiff,       ) | |
| ) | |
| v.                               ) | No. 1:07CV1862 |
| ) | |
| UNITED STATES,          ) | |
| ) | |
| Defendant.      ) | |

**MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES'
MOTION TO DISMISS**

Lee Garvin, taking his a third bite at the apple to challenge federal tax obligations and collection procedures[1], seeks damages pursuant to 26 U.S.C. § 7433 for purported violations of a litany of statutes and Internal Revenue Service regulations as well as the unauthorized disclosure of return information.  For the reasons set forth below, the complaint should be dismissed.

**Argument**

**I.   Section 7433 only provides a cause of action for conduct related to the collection of taxes**

The United States has only waived sovereign immunity pursuant to section 7433 for conduct related to collection activities and, thus, no cause of action exists for the

---

[1]Garvin has previously filed a complaint pursuant to 26 U.S.C. § 7433, which this Court dismissed on August 7, 2007. Case No. 1:05-cv-01775 (RBW).  He has also previously filed suit for the unauthorized disclosure of return information along with numerous other "virtually identical" complaints pursuant to 26 U.S.C. § 7431, which this Court also dismissed.  Lindsey, et al. v. United States, No. 06-cv-1735, 2007 U.S. Dist. LEXIS, at *53479 (D.D.C. June 28, 2007).

bulk of plaintiff's claims. Counts 1 through 26, 33 and 36 are not premised on collection activities and must be dismissed for lack of subject matter jurisdiction.

It is well-settled that the United States is immune from suit unless its sovereign immunity has been waived and that a plaintiff must strictly comply with the requirements contained in any statute waiving sovereign immunity. See e.g. United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992). The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936)).

26 U.S.C. § 7433 provides a cause of action regarding conduct related to the "collection of Federal tax with respect to a taxpayer. . ." (emphasis added). The statute is silent regarding conduct related to the assessment of taxes, failure to properly keep records or perform administrative tasks. As a result, it is well-settled that there is no right of action under section 7433 for conduct unrelated to collection activities. See e.g. Jaeger v. United States Government, 524 F. Supp. 2d 60 (D.D.C. 2007)(holding that section 7433 does not apply to "actions not related to the collection of income tax."); Buaiz v. United States, 471 F. Supp. 2d 129, 136 (D.D.C. 2007) ("§ 7433 waives the United States' sovereign immunity only with respect to claims arising from the collection of income taxes"). Sovereign immunity regarding the allegations contained in counts 1 through 26, 33 and 36 have not been waived and this Court lacks subject matter jurisdiction. This requires dismissal of these claims pursuant to Fed. R. Civ. P. 12(b)(1).

See Buaiz, 471 F. Supp. 2d at 135-36.

## II.   Garvin's remaining claims fail to fulfill Fed. R. Civ. P. 8(a)

The remaining counts are legally insufficient and should be dismissed under Fed. R. Civ. P. 12(b)(6). Garvin purports to state a claim for damages. Under rule 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must give "fair notice of the basis for . . . claims and the grounds upon which they rest." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 507 (2002).

Garvin's complaint, however, merely cites a statute or regulatory provision, but does not allege facts in support of his claims. Each count simply cites a statute or regulation with a bare allegation that "defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury" combined with a generalized assertion that the Service failed to do that which is purportedly required. However, Garvin's complaint contains no factual allegations as a basis for his assertions. He has, therefore, failed to make an initial showing of the grounds for his claims as the complaint is devoid of any and all facts. See Buaiz, 471 F. Supp. 2d at 137 (noting that when "deciding a motion under Rule 12, the Court need not accept as true conclusions of law or legal conclusions cast as factual allegations" and holding that the plaintiff cannot state a valid cause of action by simply "copying the language from the statute into his Complaint.").

Since plaintiffs' complaint fails to provide either notice of the bases of his claims

or the grounds upon which they rest, this Court should conclude that plaintiff has not, in fact or law, stated a claim.  See Jaeger, 524 F. Supp. 2d 60 (dismissing section 7433 claims based on Fed. R. Civ. P. 8(a) because "scant factual allegations fail to satisfy the notice pleading requirements. . ."); see also Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  Because plaintiff has failed to state a claim upon which relief can be granted, this Court should dismiss the remaining counts.

### III. Garvin's claim for unauthorized disclosure of return information is deficient for failure to allege any conduct constituting an unauthorized disclosure of return information

Garvin's claim regarding the unauthorized disclosure of return information additionally fails because it fails to state a claim upon which relief can be granted. While 26 U.S.C. § 6103 provides civil damages when there is a negligent or willful violation of its provisions, it also explicitly states that certain disclosures of tax return information are permissible.  Specifically, the section provides that:

> An internal revenue officer or employee . . . may, in connection with his official duties relating to any . . . collection activity . . . disclose return information to the extent that such disclosure is necessary . . . with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of [Title 26].  Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

Pursuant to this statute, the Secretary of the Treasury has promulgated regulations permitting disclosures necessary "to locate assets in which the taxpayer has an interest . . . or otherwise to apply the provision of the Internal Revenue Code relating to

establishment of liens against such assets. . ." 26 C.F.R. § 301.6103(k)(6)-1(a)(vi).

Garvin's allegation that tax return information was improperly disclosed via the filing of the notice of federal tax lien fails as such conduct is explicitly permitted under section 6103(k)(6) and 26 C.F.R. § 301.6103(k)(6)-1(a)(vi). See Mann v. United States, 2004 F.3d 1012, 1018 (10th Cir. 2000); Glass v. United States, 480 F. Supp. 2d 162, 166 (D.D.C. 2007). As such, plaintiff has failed to state a claim upon which relief can be granted as he has not alleged an unauthorized disclosure of return information that violates the provisions of section 6103.

Counts 36 should be dismissed because the plaintiff has failed to state claim upon which relief can be granted.

## IV. Damages pursuant to section 7214(a) are inapplicable

Garvin's prayer for damages pursuant to section 7214(a) fails for two reasons. (Compl. 17). First, section 7214 is irrelevant to a claim under section 7433 because section 7433 delineates its own measure of damages. See 26 U.S.C. §7433(b). Second, section 7214 provides no private cause of action against the United States.[2] See Jaeger, 524 F. Supp. 2d 60. Accordingly, damages pursuant to section 7214 are inapplicable.

## Conclusion

This Court should dismiss the complaint for the following reasons. First, the

---

[2]Following a criminal conviction of a revenue employee, damages may be recoverable by the victim. See Watts v. IRS, 925 F. Supp. 271, 279 (D.N.J. 1996): Brunwasser v. Jacob, 453 F. Supp. 567, 572-73 (W.D. Pa. 1978). However, plaintiff has not alleged any such criminal conviction nor is the undersigned counsel aware of any such conviction.

United States has not waived sovereign immunity regarding plaintiff's claims related to conduct unrelated to the collection of federal taxes. Second, his claim for the unauthorized disclosure of return information because it fails to allege facts constituting a violation of the applicable statute. Finally, Garvin has not complied with Fed. R. Civ. P. 8(a) for the remainder of his claims.

Dated: February 13, 2008

                                      Respectfully submitted,

                                           /s/ Benjamin J. Weir
                                      BENJAMIN J. WEIR (D.C. Bar No. 494045)
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      Post Office Box 227
                                      Ben Franklin Station
                                      Washington, D.C.  20044
                                      Telephone: (202) 307-0855
                                      Fax: (202) 514-6866
                                      benjamin.j.weir@usdoj.gov
                                      Counsel for the United States

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

3059035.1

CERTIFICATE OF SERVICE

I, Benjamin J. Weir, certify that on February 13, 2008 a copy of the foregoing Defendant's Motion to Dismiss was served upon the following via postage prepaid U.S. Mail:

>Lee Garvin
>15013 NE 36th St.
>Choctaw, OK 72020.

>/S/ Benjamin J. Weir
>BENJAMIN J. WEIR

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| LEE F. GARVIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:07CV1862 |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Having considered the complaint and the United States of America's motion to dismiss, and for good cause shown, it is:

ORDERED that Defendant's motion to dismiss is GRANTED; and

ORDERED that the case be DISMISSED.

_____
UNITED STATES DISTRICT JUDGE

3060506.1