**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| _____ ) | | |
| LEE F. GARVIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1862 (RBW) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ ) | | |

**ORDER**

Lee F. Garvin, the plaintiff in this civil lawsuit, seeks "a finding that [the] principals,

officers, agents, and/or employees of [the Internal Revenue Service] disregarded [certain]

provisions of the [Internal Revenue Code, 26 U.S.C. §§ 1 et seq. (2000)] and/or regulations

promulgated under [the Internal Revenue Code] with intent to defeat the application thereof."

Verified Complaint, Petition, and Claim for Judicial Review and for Damages in the Nature of a

Complaint, Petition, and Claim for Judicial Review and for Damages under the Authority of 26

U.S.C. § 7433 at 16.  On February 13, 2008, the defendant filed a motion to dismiss the

plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  United

States'[s] Motion to Dismiss at 1.  Under this Court's local rules, and taking into account the

three additional days afforded by Federal Rule of Civil Procedure 6(d) for motions served by

mail, the plaintiff's opposition to the defendants' motion was due on or before February 27,

2008.  See Local Civ. R. 7(b) (providing that the Court may "treat as conceded" a motion to

which no opposition is filed "[w]ithin 11 days of the date of service" of that motion).  That

deadline has long since passed, yet no opposition has been filed.

In <u>Fox v. Strickland</u>, 837 F.2d 507 (D.C. Cir. 1988), the District of Columbia Circuit held that this Court must provide notice to parties appearing <u>pro</u> <u>se</u> that the failure of a party to respond to a dispositive motion such as a motion to dismiss under Rule 12 "may result in the district court granting the motion and dismissing the case." <u>Id.</u> at 509. Because the Court has not provided prior notice of this fact, it will give the plaintiff another opportunity to respond to the defendants' motion before granting the motion by default. If, however, the plaintiff does not respond in a timely manner to this order by (1) filing an opposition to the defendants' motion or (2) filing a request for a further extension of time in which to respond to the defendants' motion, the Court may treat the defendants' motion as conceded and dismiss the plaintiff's complaint.

It is therefore

**ORDERED** that the plaintiff shall file his opposition to the defendant's motion to dismiss, if any the plaintiff intends to file, on or before May 15, 2008.

**SO ORDERED** this 15th day of April, 2008.

REGGIE B. WALTON
United States District Judge