UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
LEE F. GARVIN,                              )
                                            )
            Plaintiff,                      )
                                            )
    v.                                      )   Civil Action No. 07-1862 (RBW)
                                            )
UNITED STATES OF AMERICA,                   )
                                            )
            Defendant.                      )
                                            )
                                            )

**ORDER**

Lee F. Garvin, the plaintiff in this civil lawsuit, seeks "a finding that [the] principals, officers, agents, and/or employees of [the Internal Revenue Service (the "IRS")] disregarded [certain] provisions of the [Internal Revenue Code, 26 U.S.C. §§ 1-9834 (2000),] and/or regulations promulgated under [the Internal Revenue Code] with intent to defeat the application thereof." Verified Complaint, Petition, and Claim for Judicial Review and for Damages in the Nature of a Complaint, Petition, and Claim for Judicial Review and for Damages under the Authority of 26 U.S.C. § 7433 (the "Complaint") at 16. On February 13, 2008, the defendant filed a motion to dismiss the plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). United States'[s] Motion to Dismiss at 1. When the plaintiff did not file an opposition to that motion in the time prescribed by Local Civil Rule 7(b) and Federal Rule of Civil Procedure 6(d), the Court entered an order (the "April 15 Order") advising the plaintiff as required by Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), of the consequences of his failure to respond and directing the plaintiff to file his opposition to the defendant's motion, if any he intended to file, on or before May 15, 2008. April 15 Order at 2. In response to that order, the

plaintiff has now filed a document addressing the defendant's motion to dismiss. Response to Motion to Dismiss and Request for Leave to Amend Complaint (the "Pl.'s Response") ¶¶ 3-6.

The plaintiff concedes in his response that counts 1-26, 33, and 36 of his complaint must be dismissed for failure to state claims upon which relief may be granted because they do not relate to the collection of a tax as required to state a claim for damages under 26 U.S.C. § 7433. Pl.'s Response ¶ 6; see also Shane v. United States, Civil Action No. 07-577 (RBW), 2008 WL 101739, *7 (D.D.C. Jan. 7, 2008) ("[C]ourts have narrowly interpreted § 7433, such that this statutory provision does not provide a cause of action for wrongful tax assessment or other actions that are not specifically related to the collection of income tax." (internal quotation and citation omitted)). Instead, he seeks permission to file an amended complaint asserting that these same facts give rise to damages pursuant to the Supreme Court's ruling in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), "over which," he contends, "[the Court's] jurisdiction cannot reasonably be questioned," Pl.'s Response ¶ 6. The plaintiff also posits that he "can and will provide" additional factual detail to support the claims asserted in his complaint if necessary, though he "will need time to prepare" those allegations. Id. ¶ 6.

The plaintiff's request for leave to file an amended complaint is entirely unnecessary. The Court is already obliged to determine whether the plaintiff can state a claim for relief under any conceivable legal theory, not just those advanced by the plaintiff in his complaint, so there is no need to amend the plaintiff's complaint to articulate new theories for relief. See District of Columbia v. Air Florida, Inc., 750 F.2d 1077, 1078 (D.C. Cir. 1984) (noting that "a complaint should not be dismissed unless the court determines that the allegations do not support relief on

any legal theory"). And the defendant is always free to "amend [his] pleading once as a matter of course" unless and until the defendant files an answer to the plaintiff's original complaint, which has not yet occurred. Fed. R. Civ. P. 15(a)(1)(A). The plaintiff may therefore file an amended complaint raising new legal theories of relief or alleging new facts without leave from the Court at any time prior to the Court's resolution of the defendant's motion to dismiss.[1]

However, the plaintiff's options will narrow substantially if the Court resolves the defendant's motion to dismiss in its favor. "Ordinarily, post[-]judgment amendment of a complaint under [Federal Rule of Civil Procedure] 15(a) requires reopening of the judgment pursuant to [Federal Rule of Civil Procedure] 59(e) or 60(b)." Bldg. Indus. Ass'n of Cal. v. Norton, 247 F.3d 1241, 1245 (D.C. Cir. 2001). Even assuming that the plaintiff's request to amend his complaint were considered under the relatively easier criteria of Rule 59(e), it is far from clear that he would be entitled to reopen his case for purposes of amending his complaint. See Agrocomplect, AD v. Republic of Iraq, 247 F.R.D. 213, 215 (D.D.C. 2008) (Walton, J.) (noting that "motions under Rule 59(e) are disfavored and should be granted only under extraordinary circumstances" (internal quotation and citation omitted)). Thus, a ruling in the defendant's favor with respect to its motion to dismiss would severely curtail the likelihood that the plaintiff will be able to amend his complaint in the manner indicated his response.

The plaintiff therefore has a difficult decision to make. If he files an amended complaint

---

[1] Of course, if the plaintiff were to file an amended complaint re-packaging counts 1-26, 33, and 36 of his complaint as Bivens claims, the Court would have no choice but to dismiss them again, for Bivens permits lawsuits only against individual employees of government agencies, not the agencies themselves. See Kaufmann v. Anglo-American Sch. of Sofia, 28 F.3d 1223, 1226 (D.C. Cir. 1994) ("Bivens liability does not run against a federal agency, [] only against individual federal agents."); see also FDIC v. Meyer, 510 U.S. 471, 484-85 (1994) (declining to authorize suit against the Federal Savings and Loan Insurance Corporation under Bivens because "to imply a damages action directly against federal agencies, thereby permitting claimants to bypass qualified immunity" would extinguish the need "for aggrieved parties to bring damages actions against individual officers," and "the purpose of Bivens is to deter the officer").

3

prior to the Court's disposition of the defendant's motion to dismiss, he will ensure that he has filed the most detailed pleading possible before the Court makes any determination as to the sufficiency of the plaintiff's factual allegations, but he will also forfeit Rule 15(a)'s guarantee that he can file an amended complaint without receiving prior leave from the Court. On the other hand, the plaintiff may reserve this right if he wishes (although the right would expire as soon as the defendant filed its answer) and stand on the merits of his complaint as it is currently drafted, but in so doing he runs the risk of an adverse final judgment in the defendant's favor, in which case he will need at a minimum to demonstrate the sort of "extraordinary circumstances" required by Rule 59(e) to even have the opportunity to amend his complaint.

    The Court recognizes that the plaintiff, who is proceeding pro se, lacks familiarity with the procedural intricacies outlined above. It will therefore stay its consideration of the defendant's motion to dismiss for thirty days so that the plaintiff has an opportunity to make an informed decision. If the plaintiff files an amended complaint within that thirty-day period, the Court will deny the defendant's motion without prejudice, direct the defendant to respond to the plaintiff's amended complaint by a date certain, and, assuming the defendant renews his motion to dismiss, will allow the briefing cycle to start anew. Once the thirty-day mark has passed, however, the Court will not hesitate to decide the defendant's motion if the plaintiff has not filed an amended complaint, and the plaintiff will have to abide by the consequences of that decision.

Accordingly, it is

**ORDERED** that the defendant's motion to dismiss is **STAYED** until July 24, 2008.

**SO ORDERED** this 24th day of June, 2008.

                                      REGGIE B. WALTON
                                      United States District Judge