

RECEIVED

JUL 2 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# United States District Court
## FOR THE DISTRICT OF COLUMBIA

Lee F. Garvin,                                         Case No: 1:07-cv-01862-RBW

                Plaintiff,

      v.

UNITED STATES (Government),

                Defendant.

### AMENDED COMPLAINT[1]

COME(S) NOW Lee F. Garvin, in his own right, <u>Faretta v. California</u>, 422 US

809, reserving his right to Assistance of Counsel, Id., AMENDMENT VI, UNITED

STATES CONSTITUTION, JUDICIARY ACT OF 1789, 1 Stat. 73, § 35, and 28 USC §

2072(b), and the INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS,

implemented by EXECUTIVE ORDER 13107 on December 10, 1998, 63 Federal

Register 240, pp 68991-68993  and brings this action:

1.      for denial of the right to due process of the tax law, administrative law, and

         record-keeping law of the United States pursuant to *Bivens v. Six*

         *Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), *Butz v. Economou*,

         438 U.S. 478 (1978), and *Davis v. Passman*, 442 U.S. 228 (1979); and,

---

[1] For the convenience of the Court, Plaintiff *pro per* has, when possible, utilized the same
paragraph numbers as in the original complaint.

2.     for disregard of provisions of the tax law of the United States and

regulations promulgated thereunder in connection with collection of tax

pursuant to Pub. L. 100–647, title VI, § 6241(a), Nov. 10, 1988, 102 Stat.

3747; amended Pub. L. 104–168, title VIII, §§ 801(a), 802 (a), July 30,

1996, 110 Stat. 1465; Pub. L. 105–206, title III, § 3102(a), (c), July 22,

1998, 112 Stat. 730.), aka, Title 26 United States Code § 7433.

### INTRODUCTION

It is beyond reasonable dispute that the Sixteenth (16th) Amendment to the United States Constitution authorized Congress "to lay and collect taxes on incomes".

It is beyond reasonable dispute that Public Law 83-591, Chapter 736, aka the Internal Revenue Code, was duly enacted on August 16, 1954 in Congress' exercise of that Constitutional authority, and (as amended) is the Tax Law of the United States.

It is beyond reasonable dispute that the Fifth Amendment to the United States Constitution secures the due process of law - including the Tax Law of the United States - to all Citizens and/or persons within the jurisdiction of the United States.

It is beyond reasonable dispute that "Federal tax law begins with the Internal Revenue Code (IRC)[2],

### I.     PARTIES

A.     Lee F. Garvin, plaintiff, is a Citizen of Oklahoma, a Republic, "State in th[e] Union," established in Art. IV § 4 United States Constitution, see also: Hooven & Allison v. Evatt, 324 U.S. 652, 672-674, domiciled at the address of record.

---

[2]Source: http://www.irs.gov/taxpros/article/0,,id=98137,00.html

B.    Defendant is the UNITED STATES OF AMERICA, established in Art. II,

United States Constitution.

## II.    JURISDICTION

A.    The district court of the United States has jurisdiction

1.    pursuant to §§ 704 and 706 of the ADMINISTRATIVE

PROCEDURE ACT, 80 Stat. 392; 393,  to determine whether

officers or employees responsible for agency actions[3] subject of

Counts one through forty-one, below, disregarded identified

provisions of the INTERNAL REVENUE CODE and regulations

promulgated thereunder; and,

2.    pursuant to the FEDERAL RECORDS ACT; 82 Stat. 1297, *et seq.*;

and the NATIONAL ARCHIVES ACT, 90 Stat. 2723, *et seq.*, to

review the agency record[4] for the purposes described in ¶ II.A.,

above; and,

3.    Upon such finding, the district court of the United States has power,

pursuant to § 706 of the ADMINISTRATIVE  PROCEDURE ACT[5],

80 Stat. 393, to compel agency action unlawfully withheld or

---

[3]The APA confers no jurisdiction for the purposes of calculating or awarding damages, and Plaintiff makes no such assertion, confining the APA's inclusion herein to the Court's power to *review agency actions*, i.e., "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act;" 5 U.S.C. § 551(13), forming the bases for this Complaint.

[4]The FRA confers no jurisdiction for the purposes of calculating or awarding damages, and Plaintiff makes no such assertion, confining the FRA's inclusion herein to the Court's power to *review agency records*, required to be made by law in order to protect the legal, financial and other rights of both the government and "persons whose rights are affected by government actions"  36 CFR §§ 1220.14; 1222.38.

[5]See Note 3, above.

unreasonably denied; Id., 80 Stat. 393 , and to hold unlawful and set aside agency action, findings, and conclusions found to be,

    a.  in disregard of, i.e., not in accordance with, the identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder;

    b. contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations of the identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder, or

    c.  short of statutory right; without observance of procedure required by the identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder, and,

B.    The district court of the United States has jurisdiction pursuant to:

    1.    Article III, United States Constitution, for cases and controversies under the Constitution, and laws of the United States, and has inherent power to effect a remedy for the Constitutional Tort of denial of Due Process of Tax Law, Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) (for Counts 1-18); and

    2.    the Taxpayers' Bill of Rights, P.L 105-206, § 3102, 112 Stat 730, aka § 7433 of the Internal Revenue Code of 1986, 102 Stat. 3747, as amended, upon such finding(s), to award damages for such

disregard of identified provisions of the INTERNAL REVENUE

CODE and regulations promulgated thereunder, in connection with

collection.

## III.    VENUE

Venue is proper in the District of Columbia, (26 USC §7433), as the permanent

seat of government of the United States pursuant to Title 4, United States Code, § 71,

61 Stat. 643, wherein "The Office of the Secretary" is  required to be exercised,

pursuant to Title 4, United States Code, § 72, 61 Stat. 643, and is so exercised, at 1500

Pennsylvania. Ave. N.W., Washington D.C.

## IV.    ALLEGATIONS[6]

Plaintiff, in accordance with the "notice pleading" requirements set forth in

Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S. 41[7], and reiterated in

*Jones v. Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____ (January, 2007), and as

modified by *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964

(2007), alleges:

STATEMENT OF FACTS:

In the Summer of 1997 an unknown agent of the IRS froze our checking account

with US Employee's Credit Union, levying over $5500.00 from this account with no

warning.

---

[6] This listing is not all-inclusive.  There may be other provisions of Title 26 and its regulations that
plaintiff(s) is/are not aware of which have been disregarded.

[7] *(b) Failure of the complaint to set forth specific facts to support its general allegations of
discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the
Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he
bases his claim." Pp. 47-48.

On or about May 4, 2002, an unknown agent of the Internal Revenue Service sent a Form 668(Y)(c) Notice of Federal Tax Lien asserting Assessment of $9826.47 for "Tax period ending 12-31-1996", and $6084.96 for "Tax period ending 12-31-1997". Upon information and belief, Oklahoma state records showed no such filing.

On or before June 1, 2004, an unknown agent of the Internal Revenue Service caused the federal Financial Management Service to reduce, by levy, my civil service retirement from the U.S. Postal Service.  Through October 2, 2006, a total of $8502.58 was taken.  Upon information and belief, no prior notice of intent and of my right to a Collection Due Process Hearing was given.

On or before June 1, 2004, an unknown agent of the Internal Revenue Service caused the federal Financial Management Service to reduce, by levy, my Social Security check.  Through October 2, 2006, a total of $1050.75 was taken.  Upon information and belief, no prior notice of intent and of my right to a Collection Due Process Hearing was given.

Recently, an unknown agent of the Internal Revenue Service sent a CP 504 about 2007.  2007 taxes were done by tax specialist in Chicago and he was supposed to answer.

I have repeatedly sought, in response to an ongoing campaign of harassment by correspondence, to obtain agency records from IRS officers and employees -

- •    records which are required to be made to document agency actions;
- •    records which may not be removed or destroyed;
- •    records to which my access is guaranteed by law,

to determine whether IRS performs/has performed ALL duties mandated by the IRC

and regulations <u>with respect to me</u>.

Said IRS officers and employees have repeatedly refused to produce

- records documenting service of a notice upon me requiring me to keep

  specific records, make statements, or file returns with respect to taxes

  imposed in Subtitle A of Title 26, United States Code, in accordance with

  - Title 26, United States Code § 6001[8]; and

  - Title 26, Code of Federal Regulations § 1.6001-1(d)[9]; and

  - Delegation Order 24 (Rev. 2)[10]

  providing the basis for Counts 1, 2, and 9 (Bivens).

- records documenting the Secretary's preparation of, and subscription to,

  Substitute(s) for Return(s), in accordance with

  - Title 26, United States Code § 6020(a);(b)(1) and (b)(2); and

  - Title 26, Code of Federal Regulations § 301.6020-1(b)(2),(3); or

  - IRM[11]  Part V, Chapter 2, § 5290; or

  - IRM Part V, Chapter 2, § 5293; nor

  has IRS ever produced any record to show who, in the words of

---

[8]See: Footnote 15.

[9]See: Footnote 18.

[10]See: Footnote 19, and  Internal Revenue Manual - 1.2.43 Delegation of Authorities for the Examining Process; IRM 1.2.43.17  (05-12-1997).

[11]Notwithstanding that the Internal Revenue Manual generally lacks the force and effect of law, United States v. New York Telephone Co., 644 F.2d 953, 959 n. 10 (2d Cir.1981), Petitioner contends that failure to follow IRC § 6020 procedures incorporated in the IRM violate established policies of the Service, including but not limited to, Policy P-1-1 ("…perform in a manner warranting the highest degree of public confidence in our integrity…(and) …conduct themselves in a manner that will promote public confidence in themselves and the Service,"), and Policy  P-1-178 ("…high ethical standards and a commitment to serving the public with courtesy, efficiency and integrity," and therefore violate the IRS Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685, § 1203(b).

Congress, "subscribed" any such SFR.

providing the basis for Counts 3 through 6, 9, and 15 (Bivens).

• records documenting any proper assessment (assuming, on the basis of

facts not within the record, a liability) in accordance with

  • Title 26, United States Code § 6201; and

  • Title 27, Code of Federal Regulations, the sole repository,

    according to the Office of the Federal Register's Parallel Table of

    Authorities[12] of regulations authorized by Title 26, United States

    Code § 6201;

providing the basis for Counts 9 through 14 (Bivens), and 13 through 24

(IRC § 7433).

• records documenting any determination of deficiency, in accordance with

  • Title 26, United States Code § 6211;

providing the basis for Count 15 (Bivens).

• records documenting any review and verification of a tax "imposed by the

internal revenue laws" and affirmation of propriety of action, in accordance

with

  • Title 26, United States Code § 6301;

providing the basis for Count 16 (IRC § 7433).

• records documenting any notice given to Plaintiff, as a "person liable" for

any unpaid Subtitle A tax, "stating the amount and demanding payment

thereof", in accordance with

---

[12]See: Appendix 1, Parallel Table of Authorities and Rules, 2006.

- Title 26, United States Code §§ 6303, and 6304;

providing the basis for Counts 17 and 18 (IRC § 7433);

- records documenting any collection due process hearing in which Plaintiff was able to raise underlying liability;

providing the basis for Counts 19 and 20 (IRC § 7433);

- records supporting the filing of notice of lien;

providing the basis for Counts 20 through 24 (IRC § 7433);

COUNT 1 (Bivens/Denial of Due Process of Tax Law)

By denial of the due process of tax law, Internal Revenue Code section 6001[13],:

---

[13]IRC Section 6001 begins:

> "Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records, render such returns, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe."

The language of section 6001's opening sentence imposes obligations, *inter alia*, only upon the "...person liable...", without specifying just who that "...person liable..." is (or that such "...person liable..." is, as a matter of law, "Every person...", liable or not), and requires acknowledgment that one might be a "person" without being a "...person liable...".
This interpretation is supported by section 6001's next sentence, which provides:

> "Whenever in the judgment of the Secretary it is necessary, he may require any person, by notice served upon such person or by regulations, to make such returns, render such statements, or keep such records, as the Secretary deems sufficient to show *whether or not such person is liable* for tax under this title." (emphasis added)

Applying "the grammatical 'rule of the last antecedent,' *Barnhart v. Thomas*, 540 U.S. 20 (Scalia, J., 2003) to the construction of section 6001's second sentence (paraphrasing the Honorable Scalia's succeeding language): *"...according to which a limiting clause or phrase (here, the relative clause "by notice served upon such person or by regulations") should ordinarily be read as modifying only the noun or phrase that it immediately follows (here, "he may require any person"). See 2A N. Singer, Sutherland on Statutory Construction §47.33, p. 369 (6th rev. ed. 2000) ("Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent").*"
The Secretary's statutory discretion ("he may") extends only, by operation of "the grammatical 'rule of the last antecedent,' *Barnhart v. Thomas, supra*, to the means of giving notice "Whenever in the judgment of the Secretary it is necessary...".
That the notice is necessary"...in the judgment of the Secretary..." is conclusively established as a matter of law by the Secretary's promulgation of (the "or by") federal tax regulation 26 C.F.R. § 1.6001-1, which, in its own subsection (d), specifies:

> (d) Notice by district director requiring returns statements or the keeping of records. *The district director may require any person, by notice served upon him, to make such returns, render such statements, or keep such specific records as will enable the district director to determine whether or not such person is liable for tax under subtitle A of the Code,*

68A Stat. 731, the Secretary[14] failed to notify Plaintiff, by notice served, of the imposition

of a requirement keep records, make statements, or file returns with respect to any tax

imposed in the Internal Revenue Code. Officers/employees delegated with authority to

perform the duty imposed upon the Secretary of the Treasury by Congress include:

1.    District Directors, by regulation at 26 C.F.R. § 1.6001(d); Delegation Order
      24 (Rev. 2)[15], paragraph 3;

2.     Assistant Commissioner (International), by Delegation Order 24 (Rev. 2),
      paragraph 3;

3.    Assistant Deputy Commissioners, Division Commissioners; Deputy
      Division Commissioners, by Delegation Order 24 (Rev. 2), paragraph 3
      Note;

and may be redelegated to

4.    Examination and Employee Plans and Exempt Organizations Group
      Managers, by Delegation Order 24 (Rev. 2), paragraph 4;

5.    TE/GE Group Managers; LMSB Team Managers; W&I Examination Group
      Managers; SB/SE Examination or Compliance Group Managers; or
      equivalent, , by Delegation Order 24 (Rev. 2), paragraph 4 Note;

establishing that "...in the judgment of the Secretary it is necessary..." to serve notice

pursuant to Internal Revenue Code section 6001 , 68A Stat. 731.

---

including qualified State individual income taxes, which are treated pursuant to section
6361(a) as if they were imposed by chapter 1 of subtitle A. (emphases added)

[14] "The term "Secretary" means the Secretary of the Treasury or his delegate." 26 U.S.C. §
7701(a)(11)(B).

[15] Internal Revenue Manual - 1.2.43 Delegation of Authorities for the Examining Process; IRM
1.2.43.17 (05-12-1997).

COUNT 2 (Bivens/Denial of Due Process of Tax Law)

By denial of the due process of tax law, through disregard of Federal Tax

Regulation 26 CFR 1.6001-1, subsection (d)[16], promulgated pursuant to Internal

Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal

Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the

Internal Revenue Code; with intent to defeat the application thereof: unknown delegates

of the Secretary of the Treasury, which, upon information and belief, include but may not

---

[16]    26 C.F.R. § 1.6001-1(d) makes clear that the discretion afforded by Congress in Code
section 6001 was withheld by the Secretary in his delegation of authority under Code section 6001, and
that the Secretary's delegate is to give notice of requirements to "*make such returns, render such
statements, or keep such specific records*" to "any person...*by notice served*". (emphases added).  The
Secretary's promulgation of 26 C.F.R. 1.6001-1(d) IS EVIDENCE of the Secretary's recognition of the due
process requirement of IRC Section 6001 .

The Secretary's recognition of the due process requirement of IRC Section 6001, and the
withholding of the Secretary's discretion in that regard is further found in Delegation Order 24 (Rev. 2):
1.      Recordkeeping Requirement (Updated (10-02-2000) to reflect additional new
        organizational titles required by IRS Modernization.)

2.      Authority: To require any person, by notice served them, to keep records
        reflecting whether or not the person is liable for tax.

3.      Delegated to: Assistant Commissioner (International) and District
Directors.

        Note:
        This authority is also delegated to Assistant Deputy Commissioners, Division
        Commissioners; Deputy Division Commissioners.

4.      Redelegation: This authority may be redelegated to Examination and Employee
        Plans and Exempt Organizations Group Managers.

        Note:
        This authority may also be redelegated to TE/GE Group Managers; LMSB Team
        Managers; W&I Examination Group Managers; SB/SE Examination or
        Compliance Group Managers; or equivalent.

5.      Source of Authority: IRC Section 6001.

6.      To the extent that the authority previously exercised consistent with this order
        may require ratification, it is hereby approved and ratified. This order supersedes
        Delegation Order No. 24 (Rev. 1) effective May 12, 1986.

7.      Signed: John M. Dalrymple for James E. Donelson, Acting Chief Compliance

be limited to identified in Order Number 24[17], failed to notify Plaintiff, by notice served, of

the imposition of a requirement keep specific records, make statements, or file returns

with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 3 (Bivens/Denial of Due Process of Tax Law)

By denial of the due process of tax law, Internal Revenue Code section 6020 ,

68A Stat. 740,  subsection (a), or (b)(1), the Secretary[18] failed to prepare any

Substitute(s) for Return(s) in the name of  Plaintiff Lee F. Garvin, as authorized, Id., *if a*

"…person shall fail to make a return required…" (section 6001 provides the sole means

for imposing such requirement).   As detailed, officers/employees delegated with

authority to perform the duty imposed upon the Secretary of the Treasury by Internal

Revenue Code section 6020, subsection (a), or (b)(1), - "If any person required...fails" -

include:

1.      The Commissioner or other authorized internal revenue officers or

        employees, 26 C.F.R. § 301.6020-1(b)(2),(3);

such "other authorized internal revenue officers or employees" being:

2.      Revenue officers, ACS and CSF managers, GS-9 and above, as specified

        in the Internal Revenue Manual, at IRM  Part V, Chapter 2, § 5290; and,

---

[17]Delegation Order 24 (Rev. 2) IS MORE EVIDENCE of the Secretary's recognition, through his authorized delegate, the Acting Chief Compliance, of the legal requirement of prior notice.

The Secretary's recognition of the notice requirement is further shown by promulgation of Federal tax regulations 26 C.F.R. §§ 602.101 and 602.9000 — the regulations prescribed by the Secretary, "for the display of control numbers assigned by OMB to collections of information in Internal Revenue Service regulations," which identify  OMB Control Numbers for Information Collection Requests under federal tax regulation 1.6001-1.  In the absence of a legal requirement of the notice required by 26 U.S.C.  § 6001, as implemented by regulation at 26 C.F.R. § 1.6001-1(d), there would be no requirement under the Paperwork Reduction Act for the Secretary to seek OMB approval.

Federal tax regulations 26 C.F.R. §§ 602.101 and 602.9000 ARE MORE EVIDENCE of the Secretary's recognition of the due process requirement of prior notice.

[18]  See note 15..

3.     any employee of a Field Support Unit, as specified in the Internal Revenue
       Manual, at IRM Part V, Chapter 2, § 5293;

establishing the Secretary[19]'s awareness of the due process requirement to prepare a
substitute for return pursuant to Internal Revenue Code section 6020(a) or (b)(1), "If any
person required...fails".

COUNT 4 (Bivens/Denial of Due Process of Tax Law)

By denial of the due process of tax law, through disregard of Federal Tax
Regulation 26 CFR 301.6020-1, subsection (a)(1), promulgated pursuant to Internal
Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal
Revenue Code section 6020, subsection (a) with respect to income tax, with intent to
defeat the application thereof: delegates of the Secretary of the Treasury, which, upon
information and belief, include but may not be limited to the Commissioner, the District
Director, and the Taxpayer Advocate, and Revenue officers, ACS and CSF managers,
GS-9 and above, and employees of Field Support Units, failed to prepare any
Substitute(s) for Return(s) in the name of Lee F. Garvin. The Secretary[20]'s prescription
of 26 CFR 301.6020-1, subsection (a)(1) establishes the Secretary[21]'s awareness of IRC
section 6020(a)'s due process requirement for preparation of a substitute for return "If
any person required...fails".

COUNT 5 (Bivens/Denial of Due Process of Tax Law)

By denial of the due process of tax law, Internal Revenue Code section 6020 ,

_____

[19] See note 15.

[20] See note 15.

[21] See note 15.

68A Stat. 740, subsection (b)(2): the Secretary[22] failed to subscribe any Substitute(s) for Return(s) in the name of Lee F. Garvin.  As detailed in the Herein, officers/employees delegated with authority to perform the duty imposed upon the Secretary of the Treasury by Internal Revenue Code section 6020 subsection (b)(2) - "If any person required...fails" - include:

    1.    The Commissioner or other authorized internal revenue officers or employees, 26 C.F.R. § 301.6020-1(b)(2),(3);

such "other authorized internal revenue officers or employees" being:

    2.    Revenue officers, ACS and CSF managers, GS-9 and above, as specified in the Internal Revenue Manual, at IRM  Part V, Chapter 2, § 5290; and,

    3.    any employee of a  Field Support Unit, as specified in the Internal Revenue Manual, at  IRM Part V, Chapter 2, § 5293;

establishing the Secretary[23]'s awareness "such substitute for return...[is only "prima facie good for all legal purposes"]...when subscribed by the Secretary[24] pursuant to Internal Revenue Code section 6020(b)(2).

COUNT 6 (Bivens/Denial of Due Process of Tax Law)

    By disregard of Federal Tax Regulation 26 CFR 301.6020-1, subsection (b)(2) and (3), promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6020 , 68A Stat. 740, subsection (b)(2) with respect to income tax, with intent to defeat the application thereof:

---

[22] See note 15.

[23]  See note 15.

[24]  See note 15.

delegates of the Secretary of the Treasury, which, upon information and belief, include but may not be limited to the Commissioner,  the District Director, and the Taxpayer Advocate,  and Revenue officers, ACS and CSF managers, GS-9 and above, and employees of Field Support Units, identified in Order Number 182, failed to make and execute, in the form required, any Substitute(s) for Return(s) in the name of  Lee F. Garvin as authorized in section 6020, subsection (b)(2).

COUNT 7 (Bivens/Denial of Due Process of Tax Law)

By denial of the due process of tax law, Internal Revenue Code section 6103 , 68A Stat. 753, subsection (e): the Secretary[25] failed to disclose returns, e.g., Substitute(s) for Return(s), bearing Plaintiff's name, and Plaintiff's return information, to Plaintiff or Plaintiff's representative upon request[26].  As detailed, officers/employees delegated with authority to perform the duty imposed upon the Secretary of the Treasury by Internal Revenue Code section 6103, subsection (c), include:

    1.    IRS and Chief Counsel employees, by Delegation Order Number 11-2 (formerly Order Number 156)'

COUNT 8 (Bivens/Denial of Due Process of Tax Law)

By disregard of Federal Tax Regulation 26 CFR 301.6103(c)-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6103 , 68A Stat. 753, subsection (e), with intent to defeat the application thereof:  unknown delegates of the Secretary of the Treasury, which, upon information and belief, include but may not be limited to the

---

[25]  See note 15.

[26]Additional disclosure failures are discused below.

Commissioner, the District Director, and the Taxpayer Advocate, and Revenue officers, ACS and CSF managers, GS-9 and above, and employees of Field Support Units, under Delegation Order Number 11-2 (formerly Order Number 156), IRS and Chief Counsel employees to the extent necessary to perform their official duties, failed to disclose returns, e.g., Substitute(s) for Return(s), and return information to Plaintiff or Plaintiff's representative upon request.

COUNT 9 (Bivens/Denial of Due Process of Tax Law)

By denial of due process of tax law, Internal Revenue Code section 6201, 68A Stat. 767, subsection (a), paragraphs (1) and (2), the Secretary[27] failed to limit assessments to:

      1.    Taxes shown on return 26 USC § 6201(a)(1); and,

      2.    Unpaid taxes payable by stamp 26 USC § 6201(a)(2).

IRC section 6201, subsection (a) establishes Congress' imposition of a due process requirement, except with respect to stamp taxes, for a return upon which assessment may be made.

IRC section 6001, as implemented by 26 C.F.R. 1.6001-1(d), provides the sole means of imposing a records and returns requirement.

IRC section 6020 provides the sole means of preparing substitutes for returns "If any person required...fails", and for making such substitutes for returns "prima facie good for all legal purposes".

COUNT 10 (Bivens/Denial of Due Process of Tax Law)

By denial of due process of tax law, Internal Revenue Code section 6202, 68A

---

[27] See note 15.
Garvin v. United States.

26 U.S.C. §7433 Amended Complaint

Stat. 768, the Secretary[28] exceeded the limitations imposed upon the Secretary's authority to establish by regulations the mode or time for the assessment of any internal revenue tax (including interest, additional amounts, additions to the tax, and assessable penalties).

COUNT 11 (Bivens/Denial of Due Process of Tax Law)

By denial of due process of tax law, Internal Revenue Code section 6203, 68A Stat. 768, the Secretary[29], upon information and belief, failed to record assessment(s) in the office of the Secretary in the name of Lee F. Garvin.

COUNT 12 (Bivens/Denial of Due Process of Tax Law)

By denial of due process of tax law, through disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: delegates of the Secretary of Treasury failed to execute, i.e., sign, summary record(s) of assessment, which include(s),

    (1)    ("Lee F. Garvin" as) identification of the taxpayer;

    (2)    character of liability assessed;

    (3)    taxable period, if applicable; and,

    (4)    amount of assessment.

COUNT 13 (Bivens/Denial of Due Process of Tax Law)

By denial of due process of tax law, through disregard of Internal Revenue Code section 6203, 68A Stat. 768, with intent to defeat the application thereof: unknown

[28] See note 15.

[29] See note 15.

delegates of the Secretary of Treasury, which, upon information and belief, include but may not be limited to the Commissioner, the District Director, and the Taxpayer Advocate, and Disclosure Officers, failed to furnish Plaintiff copies of assessments "filed in the Office of the Secretary" upon request.

COUNT 14 (Bivens/Denial of Due Process of Tax Law)

By denial of due process of tax law, through disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: unknown delegates of the Secretary of Treasury, which, upon information and belief, include but may not be limited to the Commissioner, the District Director, and the Taxpayer Advocate, and Disclosure Officers, failed to furnish Plaintiff copies of signed summary records of assessment with supporting lists upon request.

COUNT 15 (Bivens/Denial of Due Process of Tax Law)

By denial of due process of tax law, Internal Revenue Code section 6211, 68A Stat. 770, with intent to defeat the application thereof: the Secretary[30] failed to promulgate regulations to implement Internal Revenue Code section 6211, 68A Stat. 770 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

IRC section 6211 establishes Congress' imposition of a due process requirement of a return, upon which the sole means of determining a deficiency.

IRC section 6001, as implemented by 26 C.F.R. 1.6001-1(d), provides the sole means of imposing a records and returns requirement.

_____

[30] See note 15.

IRC section 6020 provides the sole means of preparing substitutes for returns "If any person required...fails", and for making such substitutes for returns "prima facie good for all legal purposes".

COUNT 16 (IRC § 7433/disregard in connection with collection)

By disregard of Internal Revenue Code section 6301, 68A Stat. 775, with intent to defeat the application thereof: one or more officers/employees of the Internal Revenue Service, as delegates of the Secretary of Treasury, exceeded the limits imposed upon the Secretary's authority to collect taxes; i.e., taxes imposed by the tax law of the United States. Specifically:

1.    The Commissioner of Internal Revenue failed to develop and implement procedures under which - "(1) a determination by an employee to file a notice of lien or levy with respect to, or to levy or seize, any property or right to property would, where appropriate, be required to be reviewed by a supervisor of the employee before the action was taken"; and,

2.    The Commissioner of Internal Revenue failed to develop and implement procedures under which -"(2) appropriate disciplinary action would be taken against the employee or supervisor where the procedures under paragraph (1) were not followed"; and,

3.    The Commissioner of Internal Revenue failed to develop and implement a review process under subsection (a)(1) which includes a certification that the employee has -

"(1) reviewed the taxpayer's information;

"(2) verified that a balance is due; and

> "(3) affirmed that the action proposed to be taken is appropriate given the
> taxpayer's circumstances, considering the amount due and the value of the
> property or right to property."

COUNT 17 (IRC § 7433/disregard in connection with collection)

By disregard of Internal Revenue Code section 6303, 68A Stat. 775, with intent to
defeat the application thereof: one or more officers/employees of the Internal Revenue
Service, which, upon information and belief, include but may not be limited to the
Commissioner, the District Director, and the Taxpayer Advocate, and other unknown
delegates of the Secretary of Treasury, failed to "within 60 days after the making of an
assessment of a tax pursuant to section 6203, give notice to [Lee F. Garvin, as a]
person liable for the unpaid tax, stating the amount and demanding payment thereof"
with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 18 (IRC § 7433/disregard in connection with collection)

By disregard of Internal Revenue Code section 6304 , 112 Stat. 768, subsection
(b), paragraph (1), with intent to defeat the application thereof: one or more
officers/employees of the Internal Revenue Service, which, upon information and belief,
include but may not be limited to the Commissioner, the District Director, and the
Taxpayer Advocate, and other unknown delegates of the Secretary of Treasury,
engaged in "conduct the natural consequence of which is to harass, oppress, or abuse
any person in connection with the collection of any unpaid tax."

COUNT 19 (IRC § 7433/disregard in connection with collection)

By disregard of Internal Revenue Code section 6320, 112 Stat. 746, with intent to
defeat the application thereof: unknown delegates of the Secretary of Treasury, failed to

afford Plaintiff a hearing in which Plaintiff could raise the issue of underlying liability, in conjunction with subsections (c), and (d) (other than paragraph (2)(B) thereof), and (e) of section 6330.

COUNT 20 (IRC § 7433/disregard in connection with collection)

By disregard of Internal Revenue Code section 6321, 68A Stat. 779, with intent to defeat the application thereof: unknown delegates of the Secretary of Treasury, asserted liens for failure or neglect to pay without giving proper notice and without making demand.

COUNT 21 (IRC § 7433/disregard in connection with collection)

By disregard of section 6751(b)(1) of the Internal Revenue Code of 1986, 68A Stat 3, § 6751(b), with intent to defeat the application thereof: unknown delegates of the Secretary of Treasury, failed to verify that a supervisor had personally approved, in writing, any initial penalty determination.

COUNT 22 (IRC § 7433/disregard in connection with collection)

By disregard of Internal Revenue Code section 6322, 68A Stat. 779, with intent to defeat the application thereof: unknown delegates of the Secretary of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1.

COUNT 23 (IRC § 7433/disregard in connection with collection)

By disregard of Internal Revenue Code section 6323, 68A Stat. 779, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: unknown delegates of the Secretary of Treasury, failed to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act,

as enacted in Oklahoma, under Oklahoma's Sovereign Power as one of the "States in

this Union", Article IV, section 4, United States Constitution, requiring certification as a

condition of filing.

COUNT 24 (IRC § 7433/disregard in connection with collection)

By disregard of Internal Revenue Code section 7213, 68A Stat. 855, subsection

(a), with intent to defeat the application thereof: unknown delegates of the Secretary of

Treasury, unlawfully disclosed return information - by filing  notice(s) of lien(s) in stated

amounts for which no record of assessment exists.

**V**

## **SPECIAL MATTERS**

Counts one through twenty-four,  above, are realleged and incorporated as if fully

set forth herein.  Upon information and belief, each disregard of provisions of the

INTERNAL REVENUE CODE and regulations promulgated thereunder identified above;

intended to defeat  the application of the respective provision of the Internal Revenue

Code, is a separate and distinct violation of IRC § 7214(a)(3); felonies prosecutable by

defendant[31].

## **REMEDY SOUGHT**

.    Plaintiff seeks judgment,

under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), *Butz*

*v. Economou*, 438 U.S. 478 (1978), and *Davis v. Passman*, 442 U.S. 228 (1979),

that  unknown delegates of the Secretary of Treasury, including but not limited to

---

[31]IRC § 7214 confers no jurisdiction for the purposes of awarding damages, and Plaintiff makes
no such assertion, merely pointing out that the acts forming the bases for this Complaint may be
prosecuted by the DOJ Criminal Division.

the Commissioner, the District Director, and the Taxpayer Advocate, and unidentified Revenue officers, ACS and CSF managers, GS-9 and above, and employees of Field Support Units, denied Plaintiff the due process of the Tax Law of the United States; and further,

under Internal Revenue Code section 7433, that unknown delegates of the Secretary of Treasury, including but not limited to the Commissioner, the District Director, and the Taxpayer Advocate, and other unknown delegates of the Secretary of the Treasury disregarded sections 6301, 6303, 6304, 6320, and 6323 of the Internal Revenue Code and/or regulations promulgated under those sections, in connection with collection, and with intent to defeat the application thereof; and

that damages, in an sum certain to be determined by the Court, be awarded.

Dated: _July 24th_ , 2008

Lee F. Garvin

(jurat next page)

## Jurat

Sworn to and subscribed before me, a Notary Public in the State of Oklahoma, this 24th day of July , 2008.

_____

Notary Public

My Commission expires: Feb. 13, 2010

copy mailed this date to
defendant's attorney
at his address of record